Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Yuri Voronin, SBN 206325
Law Offices of Yuri Voronin
14011 Ventura Blvd. Ste. 212W
Sherman Oaks, CA 91423
(818) 906-9900 (Tel.) / (818) 906-9904 (Fax)
yvoronin@lawyer.com

☐ *Individual appearing without attorney*
☒ *Attorney for:* TOYOTA MOTOR CREDIT CORP.

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

In re:

KURT KRUEGER, Debtor(s); TERESA A. CHAPPEL KREUGER, Non-Filing Co-Obligor; ELIZABETH F. ROJAS, Trustee

Debtor(s).

CASE NO.: 1:11-bk-14067-AA

CHAPTER: 13

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)

DATE: 05/08/2013
TIME: 11:30 am
COURTROOM: 303

**Movant:** TOYOTA MOTOR CREDIT CORPORATION

1. NOTICE IS HEREBY GIVEN to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

2. **Hearing Location**:

☐ 255 East Temple Street, Los Angeles, CA 90012
☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367
☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101

3. ☒ a. This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

   ☐ b. This motion is being heard on SHORTENED TIME. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing ☐ at least _____ days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per LBR 9075-1(b) and was granted by the court.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional LBR form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the motion and may grant the requested relief.

Date: 04/08/2013

LAW OFFICES OF YURI VORONIN
Printed name of law firm (if applicable)

YURI VORONIN
Printed name of individual Movant or attorney for Movant

/S/ - Yuri Voronin, Esq.
Signature of individual Movant or attorney for Movant

# MOTION FOR RELIEF FROM STAY

**Movant**: TOYOTA MOTOR CREDIT CORPORATION

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to the following personal property (Property):

☒ Vehicle (*describe year, manufacturer, type, and model*): 2003 Toyota Sienna XLE Minivan

Vehicle Identification Number: 4T3ZF13CX3U511331
Location of vehicle (if known): IN POSSESSION OF DEBTOR AND/OR NON-FILING CO-OBLIGOR TERESA A. CHAPPEL KREUGER (DEBTOR'S SPOUSE)

☐ Equipment (*describe manufacturer, type, and characteristics*):

Serial number(s):

Location (if known):

☐ Other Personal Property (*describe type, identifying information, and location*):

2. **Case History:**

a. ☒ A voluntary ☐ An involuntary petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (*specify date*): 04/01/2011

b. ☐ An order of conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*specify date*):

c. ☒ Plan was confirmed on (*specify date*): 08/25/2011

d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached declaration.

3. **Grounds for Relief from Stay:**

a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

(1) ☒ Movant's interest in the Property is not adequately protected.

(a) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

(b) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

(c) ☒ No proof of insurance re the Property has been provided to Movant, despite borrower's obligation to insure the collateral under the terms of Movant's contract with Debtor.

(d) ☐ Payments have not been made as required by an adequate protection order previously granted in this case.

(2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

(a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

(b) ☐ The Property was transferred to Debtor either just before the bankruptcy filing or since the filing.

(c) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

(d) ☐ Other bankruptcy cases have been filed asserting an interest in the same Property.

(e) ☐ The Debtor filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

(3) ☒ (*Chapter 12 or 13 cases only*)

(a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

(b) ☒ Postconfirmation payments required by the confirmed plan have not been made to Movant.

(4) ☐ The lease has been rejected or deemed rejected by operation of law.

(5) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** ***(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)***

a. ☒ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

b. ☐ Movant submits the attached supplemental Declaration(s) under penalty of perjury, to provide additional admissible evidence in support of this Motion.

c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit_____.

d. ☐ Other evidence (*specify*):

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this court issue an order terminating or modifying the stay and granting the following (specify forms of relief requested):**

1. ☒ Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration.

3. Additional provisions requested:

   a. ☒ That the 14-day stay prescribed by FRBP 4001(a)(3) be waived.

   b. ☐ That extraordinary relief be granted as set forth in the attachment (*attach optional LBR form F 4001-1.EXT.RELIEF.ATTACH*).

   c. ☒ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Date: 04/08/2013

Respectfully submitted,

TOYOTA MOTOR CREDIT CORPORATION
Printed name of Movant

LAW OFFICES OF YURI VORONIN
Firm name of attorney for Movant (if applicable)

/S/ - Yuri Voronin, Esq.
Signature

YURI VORONIN, Esq.
Printed name of individual Movant or attorney for Movant

**ADDITIONAL RELIEF PROVISIONS**

**3. d. x Other relief requested:**

**That the co-debtor stay prescribed by 11 U.S.C. §1301(a) be terminated as to TERESA A. CHAPPEL KREUGER.**

## PERSONAL PROPERTY DECLARATION

I, MARY IBARRA, declare as follows
(*Print Name of Declarant*)

1. I have personal knowledge of the matters set forth in this Declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property that is the subject of this motion because (*specify*):

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by the Movant as (*state title and capacity*): ASSET PROTECTION/LITIGATION ADMINISTRATION
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. The Property that is the subject of this Motion is:

   ☒ Vehicle (*describe year, manufacturer, type, model and year*): 2003 Toyota Sienna XLE Minivan

   Vehicle Identification Number: 4T3ZF13CX3U511331
   Location of vehicle (if known): IN POSSESSION OF DEBTOR AND/OR NON-FILING CO-OBLIGOR TERESA A. CHAPPEL KREUGER (DEBTOR'S SPOUSE)

   ☐ Equipment (*describe manufacturer, type, and characteristics*):

   Serial number(s):
   Location (if known):

   ☐ Other Personal Property (*describe type, identifying information, and location*):

4. Debtor ☒ listed the Property on Schedule B ☐ did not list the Property on Schedule B.

5. The nature of Debtor's interest in the Property is:

   a. ☐ Sole owner

   b. ☐ Co-owner

   c. ☐ Lessee

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

d. ☒ Other (*specify*): CO-BUYER WITH NON-FILING CO-OBLIGOR TERESA A. CHAPPEL KREUGER WHOM MOVANT ALLEGES IS DEBTOR'S SPOUSE, WHO HAS POSSESION OF, OR ACCESS TO THE VEHILCE AND THEREFORE RELIEF FROM THE SECTION 1301 CO-DEBTOR STAY IS SOUGHT AS TO TERESA A. CHAPPEL KREUGER.

6. The lease was rejected on (*specify date*) __________:

   a. ☐ by operation of law.

   b. ☐ by order of the court.

7. Movant has a perfected security interest in the Property.

   a. The Property is a motor vehicle, boat, or other property for which a title certificate is provided for by state law. True and correct copies of the following items are attached to this motion:

      (1) ☒ Certificate of title ("pink slip") attached as exhibit 1______.
      (2) ☐ Vehicle or other lease agreement attached as exhibit _______.
      (3) ☒ Security agreement attached as exhibit 2______.
      (4) ☐ Other evidence of perfection attached as exhibit _______.

   b. The Property is equipment, intangibles, or other personal property for which a title certificate is not provided for by state law. True and correct copies of the following items are attached:

      (1) ☐ Security agreement attached as exhibit _______.
      (2) ☐ UCC-1 financing statement attached as exhibit _______.
      (3) ☐ UCC financing statement search results attached as exhibit _______.
      (4) ☐ Results of search of recorded or filed leases attached as exhibit _______.
      (5) ☐ Other evidence of perfection of a security interest attached as exhibit _______.

   c. The Property is consumer goods. True and correct copies of the following items are attached:

      (1) ☐ Credit application attached as exhibit _______.
      (2) ☐ Purchase agreement attached as exhibit _______.
      (3) ☐ Account statement showing payments made and balance due attached as exhibit _______.
      (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*) attached as exhibit _______.

      ☐ Other liens against the Property are set forth on the attached continuation page.

8. Status of Movant's debt:

   a. A true and correct copy of the promissory note or other document that evidences the debt owed by Debtor to Movant is attached as exhibit 2______.

   b. Amount of current monthly payment: $ 318.61__________

c. Number of payments that have come due and were not made: 3

d. Last payment received on (*specify date*): 04/03/2013

9. Attached hereto as exhibit 3 is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor since the petition date.

10. Amount of Movant's debt:

a. Principal:....................$ 6,298.05
b. Accrued interest: ....................$
c. Costs (attorney's fees, late charges, other costs):....................$
d. Advances (property taxes, insurance): ....................$
e. TOTAL CLAIM as of 04/08/2013 :....................$ 6,298.05
f. Future payments due by time of anticipated hearing date (*if applicable*):
An additional payment of $ 318.61 will come due on 04/08/2013 , and on the 8TH day of each month thereafter. If the payment is not received by the ______ day of the month, a late charge of $ ______ would be due under the terms of the loan.

11. ☐ (*Chapter 7 and 11 cases only*) The fair market value of the Property is: $______. This valuation is based upon the following supporting evidence:

a. ☐ This is the value stated for collateral of this year, make, model, and general features in the reference guide most commonly used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of collateral. True and correct copies of the relevant excerpts of the most recent edition are attached as exhibit 4 .

b. ☐ This is the value determined by an appraisal or other expert evaluation. A true and correct copy of the expert's report or declarations attached as exhibit ______.

c. ☐ Debtor's admissions in the Schedules filed in the case. A true and correct copy of the relevant portions of the Debtor's Schedules are attached as exhibit ______.

d. ☐ Other basis for valuation (*specify*):

**NOTE:** If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be submitted

12. Calculation of equity in Property:

a. By subtracting the total amount of all liens from the value of the Property as set forth in Paragraph 11 above, I calculate that the Debtor's equity in the Property is $______ (11 U.S.C. § 362(d)(2)(A)).

b. I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $______ (11 U.S.C. § 362(d)(1)).

13. ☒ The fair market value of the Property is declining based on/due to: DEBTOR AND/OR NON-FILING CO-OBLIGOR'S USE.

14. ☒ (*Chapter 12 or 13 cases only*) Chapter 12 or 13 case status information:

a. 341(a) meeting currently scheduled for (or concluded on) the following date: ________
Confirmation hearing currently scheduled for (or concluded on) the following date: ________
Plan confirmed at hearing on the following date (*if applicable*): 08/25/2011

b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

(Number of) ______ payment(s) due at $ ________ each = $ ________
(Number of) ______ payment(s) due at $ ________ each = $ ________
(Number of) ______ late charge(s) at $ ________ each = $ ________
(Number of) ______ late charge(s) at $ ________ each = $ ________

c. Postpetition/preconfirmation advances or other charges due but unpaid: $ ________
(*See attachment for details of type and amount.*)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:** $ ________

d. Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation (*if applicable*):

(Number of) 3 payment(s) due at $ 318.60 each = $ 955.83
(Number of) 1 payment(s) due at $ 10.37 each = $ 10.37
(Number of) ______ late charge(s) at $ ________ each = $ ________
(Number of) ______ late charge(s) at $ ________ each = $ ________

e. Postconfirmation advances or other charges due but unpaid: $ ________
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:** $ 966.20

f. ☐ The claim is provided for in the chapter 12 or 13 Plan. Plan payment history is attached as exhibit ______.

g. ☐ See attached Declaration(s) of chapter 12 or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

15. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

16. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case.

a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

4/10/13 MARY IBARRA [signature]
*Date* *Printed Name* *Signature*

6

PRINTED COPY

Computerized Vehicle Registration Inquiry Report

**Vehicle Registration Inquiry Report** **76134093**

Notice: DMV info use subject to DMV Commercial Requester Account agreement

Reference: Date: 04/15/2011
Requested: 4T3ZF13CX3U511331 Time: 03:14:31 PM
Reason: Miscellaneous/Other User ID: NR

REGISTERED OWNER INFO

NAME: KRUEGER KURT A
OR CHAPPELKREUGER TERESA A
ADDRESS: 11923 W TRAIL

CITY: SYLMAR STATE: CA
COUNTY: LOS ANGELES
ZIP CODE: 91342

LEGAL OWNER (LIENHOLDER) INFO

NAME: TOYOTA MTR CRDT CORP
ADDRESS: PO BX 105386
ATLANTA

CITY: GA STATE: GA
ZIP CODE: 30348

VEHICLE INFO

**EXPIRES: 10/28/11** **VLP: CN**
VIN: 4T3ZF13CX3U511331 TYPE: 11:Regular - Automobile
LICENSE: 4ZTK038 ENGINE NO:
YR MODEL: 2003 WEIGHT:
YR SOLD: 00/00/02 AXLE:
* YEAR: 2010 FUEL: G
BODY TYPE: SV VEH TYPE: 12
EQUIP NO: HULL NO:
MAKE: TOYT SUP PLATE:

Date of latest Registration Card Issuance: 12/15/2010
Date of latest Ownership Certificate Issuance: 12/16/2010

**RECORD STATUS**

12/16/10 SMOG DUE 10/28/12
LIENHOLDER PAPERLESS TITLE W63101216
NO MAILING ADDRESS
**11/24/2010-ODOMETER: 57,666 MILES ACTUAL MILEAGE**

End of DMVLINK Printout V.3

EXHIBIT 1

RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE

KURT A KRUEGER
TERESA A CHAPELL-KRUEGER

USED 2009 TOYOTA

Printed Copy

EXHIBIT 2

OTHER IMPORTANT AGREEMENTS

1. FINANCE CHARGE AND PAYMENTS [illegible]

d. You may prepay. [illegible] part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $[illegible] if the original Amount Financed does not exceed $1,000, (2) $[illegible] if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

2. YOUR OTHER PROMISES TO US

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

GAP LIABILITY NOTICE

In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductibles. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. Security Interest.

You give us a security interest in:

- The vehicle and all parts or goods installed on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

d. Insurance you must have on the vehicle.

You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. [illegible] we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. What happens to returned insurance, maintenance, service, or other contract charges. If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once, [illegible]

[illegible]

4. WARRANTIES SELLER DISCLAIMS

If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. Applicable Law

Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

7. Warranties of Buyer. You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section [illegible] and authorize the California Department of Motor Vehicles to furnish your [illegible] to us.

CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, [illegible]) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payments, WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. [illegible]

[illegible]

Seller's Right to Cancel

[illegible]

d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

[illegible]

ARBITRATION CLAUSE
PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

[illegible]

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

[illegible] Toyota Motor Credit Corp [illegible]

☐ [illegible] ☑ [illegible] ☐ [illegible]

[illegible] TOYOTA [illegible] Title [illegible]

Printed Copy

EXHIBIT 2

# POST- PETITION PAYMENT HISTORY ON VEHICLE LOAN/LEASE

DATED: 4/8/2013

Vehicle lender/lessor: TMCC/Kurt A Krueger
Vehicle description: 2003 Toyota Sienna

**POST-PETITION PAYMENTS RECEIVED (PETITION FILED ON: 4/1/11)**

| | Amount Due | Date Payment Due | Date Payment Received | Amount Received | How Payment Applied (mo/yr) | Type of payment (See Legend below) |
|---|---|---|---|---|---|---|
| 1 | | 4/8/2011 | 5/16/2011 | $ 318.61 | | PD |
| 2 | $ 318.61 | 5/8/2011 | 6/7/2011 | $ 318.61 | | PD |
| 3 | $ 318.61 | 6/8/2011 | 7/11/2011 | $ 318.61 | | PD |
| 4 | $ 318.61 | 7/8/2011 | 9/8/2011 | $ 318.61 | | PD |
| 5 | $ 318.61 | 8/8/2011 | 9/8/2011 | $ 318.00 | | PD |
| 6 | $ 318.61 | 9/8/2011 | 10/14/2011 | $ 318.00 | | PD |
| 7 | $ 318.61 | 10/8/2011 | 12/17/2011 | $ 318.00 | | PD |
| 8 | $ 318.61 | 11/8/2011 | 1/9/2012 | $ 636.00 | | PD |
| 9 | $ 318.61 | 12/8/2011 | 2/6/2012 | $ 318.00 | | PD |
| 10 | $ 318.61 | 1/8/2012 | 4/16/2012 | $ 318.00 | | PD |
| 11 | $ 318.61 | 2/8/2012 | 5/21/2012 | $ 318.00 | | PD |
| 12 | $ 318.61 | 3/8/2012 | 6/13/2012 | $ 318.00 | | PD |
| 13 | $ 318.61 | 4/8/2012 | 8/7/2012 | $ 636.00 | | PD |
| 14 | $ 318.61 | 5/8/2012 | 9/12/2012 | $ 318.00 | | PD |
| 15 | $ 318.61 | 6/8/2012 | 11/5/2012 | $ 318.00 | | PD |
| 16 | $ 318.61 | 7/8/2012 | 11/12/2012 | $ 318.00 | | PD |
| 17 | $ 318.61 | 8/8/2012 | 1/18/2013 | $ 318.00 | | PD |
| 18 | $ 318.61 | 9/8/2012 | 1/18/2013 | $ 318.00 | | PD |
| 19 | $ 318.61 | 10/8/2012 | 4/3/2013 | $ 318.00 | | |
| 20 | $ 318.61 | 11/8/2012 | | | | |
| 21 | $ 318.61 | 12/8/2012 | | | | |
| 22 | $ 318.61 | 1/8/2013 | | | | |
| 23 | $ 318.61 | 2/8/2013 | | | | |
| 24 | $ 318.61 | 3/8/2013 | | | | |
| 25 | $ 318.61 | 4/8/2013 | | | | |
| Total | $ 7,646.64 | | | **$ 6,680.44** | | |
| ** | Past Due Post-Petition Payment: | | | | $ 966.20 | |

EXHIBIT 3

# POST- PETITION PAYMENT HISTORY ON VEHICLE LOAN/LEASE

**Monthly payments past due**

Plus miscellaneous amounts due:

| | |
|---|---|
| Repossession Fees: | $ - |
| Other: | $ - |

**Total Post-Petition Past Due** $ 966.20

---

Pre-petition arrears:

months x $ -

Partial pre-petition arrears partial (if any):

months x $ -

| | | |
|---|---|---|
| Late Charges | | $ - |
| Other: | Repo | $ - |
| Trustee Payments Received: | | $ - |
| **Total Pre-Petition Arrears Balance** | | **$ -** |

**Total Amount Past Due on the Account** **$ 966.20**

**Legend**: PD = Payment by Debtor; EXF = Extension Fee; LC = Late Charge; O = Other* TT = Trustee Payr
*specify other payments received

EXHIBIT 3

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
14011 VENTURA BLVD. STE 212W, SHERMAN OAKS, CA 91423

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/11/13, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 4/11/13, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/11/13 | FELICITY MORALES | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| In re: Krueger Debtor(s). | CHAPTER 13 CASE NUMBER 1:11-16067-AA |
|---|---|

**SERVICE LIST**

## Electronic Mail Notice List ("NEF")

***Necessary Parties***

- **Ch 13 Trustee** Elizabeth (SV) F Rojas (TR) cacb_ecf_sv@ch13wla.com
- **Debtor's Counsel** Kevin T Simon kevin@srhlawfirm.com
- **United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov

***Other Parties Identified on "NEF" E-mail Notice List***

- Jacqueline S Eberhard bknotice@mccarthyholthus.com

## Manual Notice List Via U.S. Mail

**DEBTOR(S)**
Kurt Krueger
11923 W. Trail
Sylmar, CA 91342

Teresa A. Chappel Kreuger
11923 W. Trail
Sylmar, CA 91342
(Non-Filing Co-Obligor)

**JUDGE**
Hon. Alan M. Ahart
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367-6606